IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Raquel Ysasi-Huerta,                        Case No. 3:15CV1688

         Plaintiff

        v.                                        **ORDER**

Anthony R. Foxx,
   Secretary of Transportation,

         Defendant

This is an employment-discrimination case. Plaintiff Raquel Ysasi-Huerta filed this action against the Secretary of Transportation, Anthony Foxx. She alleges discrimination on the basis of race and national origin and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

The gravamen of Ysasi-Huerta's complaint is that the Federal Aviation Administration offered a job she sought to a less qualified candidate of a different race and national origin. She also asserts the FAA, in offering the position to the less qualified candidate, relied on the recommendation of a managerial employee who was biased against her.

Jurisdiction is proper under 28 U.S.C. § 1331.

Pending is the defendant's motion to dismiss under Civil Rules 12(b)(3) for improper venue and 12(b)(5) for insufficient service. (Doc. 8). For the reasons that follow, I grant the motion to dismiss under Rule 12(b)(3) and transfer this case to the United States District Court

1

for the Eastern District of Michigan.

## Background

Raquel Ysasi-Huerta is a 54-year-old Hispanic female who has worked for the FAA since 1985. Ysasi-Huerta most recently worked as a Training Specialist and Technician at the Air Route Traffic Control Center in Albuquerque, New Mexico. Looking to move to the Great Lakes region with her spouse, she applied for a Management Analyst position in the FAA's Detroit, Michigan office.

Ysasi-Huerta maintains she was qualified for this position, and that neither she nor any other applicants received a pre-hiring interview. The FAA ultimately offered the job to Mary Taylor, a white female who, at least according to Ysasi-Huerta, is not qualified for the post.

Ysasi-Huerta alleges Taylor got the position due to a recommendation from her previous supervisor, Joseph Figluolo III. Ysasi-Huerta alleges the FAA relied solely on this recommendation in deciding to hire Taylor.

She also alleges Figluolo recommended Taylor because he preferred to work with a white person, and because he had grounds to retaliate against her. In 2001, Ysasi-Huerta filed charges with the Equal Employment Opportunity Commission after the FAA did not hire her for a different position. Figluolo acted as the FAA representative in an EEOC-ordered mediation attempt. During the mediation, Figluolo was allegedly hostile toward Ysasi-Huerta.

On August 21, 2015, Ysasi-Huerta filed her complaint in this Court.

## Discussion

A provision of Title VII defines the proper venue for employment-discrimination claims. 42 U.S.C. § 2000e-5(f)(3). It provides that venue is proper "in any judicial district in the State in which (1) the unlawful employment practice is alleged to have been committed; (2) the relevant

employment records are maintained and administered; or (3) the aggrieved individual would have worked but for the alleged unlawful employment practice." *Washington v. General Motors Corp.*, 2007 WL 315103, *4 (S.D. Ohio) (internal quotation marks omitted).

I agree with the defendant that the Northern District of Ohio is not a proper venue under any of these subsections.

First, the allegedly unlawful employment practice occurred outside of Ohio. For one thing, the allegedly biased decision-maker – Figluolo – works in Belleville, Michigan, which is within the Eastern District of Michigan. For another, the FAA's Office of Human Resource Management, which made the final hiring decision, is located in Des Plaines, Illinois, within the Northern District of Illinois.

Second, the FAA maintains all relevant employment records at its Human Resources office in Des Plaines, Illinois.

Third, had the FAA hired Ysasi-Huerta as a Management Analyst, she would have worked in Detroit, Michigan.

In opposing the motion to dismiss, Ysasi-Huerta argues her job duties would have required her to oversee air-traffic operations that extended beyond Michigan and reached into Ohio. In other words, because Ysasi-Huerta would have had some oversight of air-traffic operations for the entire Great Lakes Region from her Detroit duty station, she contends that she would have worked in the entire Great Lakes region for purposes of § 2000e-5(f)(3).

This argument proves too much. For Ysasi-Huerta to claim venue exists in Ohio on this basis is like a telephone solicitor making calls throughout the country and claiming venue in a Title VII case in any state to which he or she made calls.

In any event, Ysasi-Huerta's broad reading of § 2000e-5(f)(3) is an implausible

3

interpretation of the statute. When it is possible to discern an unambiguous meaning from the plain language of the statute, the search for statutory meaning is at an end. *Bartlik v. U.S. Dep't of Labor*, 62 F.3d 163, 166 (6th Cir. 1995).

Here, the plain language of the statute indicates Congress intended that parties litigate Title VII claims close to the source of the alleged discriminatory action, and not merely in any venue where jurisdiction might otherwise be proper. *Lalor-Brown v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2006 WL 181992, *2 (S.D. Ohio); *see*, *e.g.*, *El v. Belden*, 360 F. Supp. 2d 90, 93 (D.D.C. 2004) ("Venue cannot lie in the District of Columbia when a substantial part, if not all, of the challenged employment actions occurred outside the District.").

For all of these reasons, venue is not proper in this District. Given my ruling on the venue question, I need not address defendant's arguments under Rule 12(b)(5).

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Defendant's motion to dismiss (Doc. 8) be, and the same hereby is, granted; and

2. The Clerk of Court shall forthwith transfer this case to the United States District Court for the Eastern District of Michigan.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge